UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN L. ROWELL,

    Plaintiff,

  v.

L.D. ZAMORA, et al.,

    Defendants.

No. 2:14-cv-1888-KJM-EFB P

<u>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A</u>

    Plaintiff , a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He also requests appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

    Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Request for Appointment of Counsel**

    District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See*

1

1  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.     Screening Requirement and Standards**

Having granted plaintiff in forma pauperis status, the court must engage in a preliminary screening of his case pursuant to 28 U.S.C. § 1915A(a) .  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.    Screening Order**

Plaintiff's complaint (ECF No. 1) must be dismissed with leave to amend for failure to state a claim.  He names seven defendants, all of whom are allegedly "medical staff" at High Desert State Prison ("HDSP").  He claims that a specialist ordered a particular treatment for his hepatitis C liver disease and that the "prison doctors" failed to provide him with that treatment. He claims that an unnamed doctor first required that he undergo a liver biopsy and a colonoscopy, and speculates that he was not given the specialist's recommended treatment because of its high cost.  He also claims that "medical staff" ignored his pleas for unspecified "medication."  He claims that once he was transferred from HDSP to Folsom State Prison, he received the recommended treatment and that this demonstrates that the HDSP defendants acted with deliberate indifference to his serious medical needs.

Liberally construed, these allegations suggest that plaintiff is attempting to state a federal claim for relief pursuant to 42 U.S.C. § 1983 and the Eighth Amendment.  Under the applicable legal standards however, the complaint fails to state a claim upon which relief may be granted. Thus, to proceed, plaintiff must file an amended complaint.

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

3

1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiff's allegations fail under these standards because they do not show how each of the named defendants, through their own individual actions, have violated the Constitution.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

1    1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

2    F.3d 1051, 1057 (9th Cir. 2004).

3    Here, plaintiff's allegations, if taken as true, demonstrate a serious medical need but do

4    not show that any particular defendant acted with the requisite state of mind for an Eighth

5    Amendment violation.  Plaintiff will be granted leave to file an amended complaint to attempt to

6    allege a cognizable legal theory against a proper defendant and sufficient facts in support of that

7    cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

8    (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

9    their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

10   shall clearly set forth the claims and allegations against each defendant.

11   Any amended complaint must not exceed the scope of this order and may not add new,

12   unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

13   and also adhere to the following requirements:

14   Any amended complaint must identify as a defendant only persons who personally

15   participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

16   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

17   constitutional right if he does an act, participates in another's act or omits to perform an act he is

18   legally required to do that causes the alleged deprivation).   It must also contain a caption

19   including the names of all defendants. Fed. R. Civ. P. 10(a).

20   Any amended complaint must be written or typed so that it so that it is complete in itself

21   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

22   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

23   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

24   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

25   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

26   1967)).

27   /////

28   /////

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. Plaintiff's request for the appointment of counsel is denied without prejudice.

4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 19, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE