UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. ROWELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L.D. ZAMORA, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-1888-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Plaintiff filed an amended complaint on December 18, 2015, but it was not signed, and the court informed him that the filing would be disregarded. ECF Nos. 11, 12. On May 9, 2016, plaintiff re-filed the complaint with his signature, but appears to have inadvertently omitted pages four and five. *See* ECF No. 13 at 3 (referencing, but not attaching, additional allegations "CONTINUED on Page four"). For purposes of this order, the court has referred to pages four and five of the December 18, 2015 complaint, because it appears as though plaintiff intended to refile that complaint in its entirety, on May 9, 2016.

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In the original complaint, plaintiff alleged that he had been denied a particular treatment for his hepatitis C liver disease that a specialist had recommended. ECF No. 1. In dismissing that complaint with leave to amend, the court informed plaintiff of the following:

> To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff's allegations fail under these standards because they do not show how each of the named defendants, through their own individual actions, have violated the Constitution.
>
> To succeed on an Eighth Amendment claim predicated on the denial of medical care, plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).
>
> To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an

> inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*
>
> It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).
>
> Here, plaintiff's allegations, if taken as true, demonstrate a serious medical need but do not show that any particular defendant acted with the requisite state of mind for an Eighth Amendment violation. Plaintiff will be granted leave to file an amended complaint to attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

ECF No. 6 at 3-5.

Plaintiff's amended complaint (ECF No. 13) repeats the allegation that he was denied a particular treatment for his hepatitis C liver disease that a specialist had recommended. He alleges that some of the defendants, on various dates, and in response to his administrative appeals, denied his request for that treatment on the grounds that he was "not eligible" or did "not qualify" for the treatment. In a February 4, 2011 denial attached to the complaint, defendant Swingle explained that plaintiff was ineligible because his "four months of hepatitis C treatment in 2006 and 2001 . . . demonstrated [that he was] in the class of patients known a 'non-responders.'" ECF No. 13, Ex. A at 9. Beginning in 2013, however, the responses to plaintiff's appeals indicate that plaintiff had begun to receive treatment for his hepatitis C. *See e.g., id.*, Ex. C at 1. Plaintiff bases his Eighth Amendment claim on this "delay in providing treatment for his hepatitis-C." ECF No. 11 at 5.

Once again, plaintiff's allegations, if taken as true, demonstrate a serious medical need but do not show that any defendant acted with the requisite state of mind for an Eighth Amendment

3

violation. "A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012). Rather, the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted). Here, plaintiff alleges that he was denied a particular treatment because he did not qualify for it. His allegations do not demonstrate that the denials stemmed from a conscious disregard of an excessive risk to his health. In addition, plaintiff's allegations fail to show how each defendant, through his or her own individual actions, has violated the Constitution. Merely alleging that a defendant responded to or denied an administrative appeal does not demonstrate that the defendant personally participated in any underlying constitutional violation. For these reasons, the amended complaint fails to state a claim upon which relief could be granted.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief. Therefore, this action should be dismissed without further leave to amend for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 13) be dismissed for failure to state a claim upon which relief may be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE