UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LOUIS ROWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L.D. ZAMORA, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1888-KJM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendants violated his Eighth Amendment rights through deliberate indifference toward his serious medical needs. ECF No. 20. Defendant Abdur Rahman has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 36) and defendant Dorothy Swingle has joined that motion (ECF No. 44). Plaintiff has filed an opposition (ECF No. 56) and no reply has been filed within the allotted time. For the reasons discussed below, the motion should be granted in part and denied in part.

**I.　Legal Standard**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility

1

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

In addressing a motion under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**II.    Analysis**

Defendants raise two primary arguments in favor of dismissal.

First, they argue that the allegations in the current, second amended complaint (SAC) are factually inconsistent with the allegations raised in the previous, first amended complaint (FAC). ECF No. 36-1 at 2. They contend that the claims in the FAC and SAC are "so contradictory that both versions of events cannot be true." *Id.* at 6. Defendants also note that the exhibits attached to the FAC – which the court partially relied on in screening that earlier complaint – have been omitted from the SAC. *Id.* at 6-7. Based on the foregoing, they argue that the SAC was filed in bad faith and the court should not accept its allegations as true. *Id.* at 9.

1 │ Second, defendants argue that plaintiff is barred from seeking damages against them in their official capacities. *Id.* at 11.

### A. Inconsistent Allegations

The court cannot dismiss the instant complaint based on inconsistencies between it and plaintiff's FAC. The Ninth Circuit has held that:

> The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith--a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11--inconsistent allegations are simply not a basis for striking the pleading.

*PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). Additionally, "Rule 12 provides no authority to dismiss "sham" pleadings." *Id.* Based on the foregoing, the court cannot strike the original complaint on a Rule 12 motion, nor can it decline to take the current allegations as true for purposes of a Rule 12(b)(6) motion to dismiss. Instead, "[i]f a party believes that its opponent pled in bad faith, it can seek other means of redress, such as sanctions under Rule 11, 28 U.S.C. § 1927 or the court's inherent authority." *Id.* Further, defendants are free to utilize the earlier allegations and attachments in deposing plaintiff, and if necessary, in cross examination, as well in testing the sufficiency of plaintiff's evidence in an appropriate motion under Rule 56. But the instant motion tests only the sufficiency of the allegations of the second amended complaint.

For similar reasons, the court also declines to look to the administrative appeal exhibits attached to the FAC in weighing whether to dismiss the SAC. Generally, an amended complaint supersedes its predecessor, "the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). With few exceptions, a court is not permitted to look beyond the operative complaint in weighing a 12(b)(6) motion. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "[T]he weight of federal authority suggests that previous complaints do not generally fall within those exceptions." *Santana v. State of Cal. Dep't of Corr. & Rehab.*, Case No. 09-cv-03226, 2010 U.S. Dist. LEXIS 111499, at *18 (N.D. Cal. Oct. 19, 2010). Thus, the remedy for defendants is provided under Rule 56 if, as they argue, the attachments to the earlier complaint

3

disprove the allegations of the instant complaint. The standards applicable under Rule 56 will enable the parties and ultimately the court to analyze whether plaintiff can produce evidence sufficient to enable a reasonable jury to find in his favor on the requisite elements of his claims, but that is not the purpose of Rule 12(b)(6).

### B. Official Capacity Claims

The court does agree that the Eleventh Amendment bars plaintiff's official capacity claims against the defendants. Under the Eleventh Amendment, a state and its official arms are immune from section 1983 suit. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Cal. Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). And "[a] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). It follows that state officials sued in their official capacity only for damages are typically entitled to immunity. *Id.* at 825. Here, plaintiff has not requested any injunctive relief; he seeks only money damages. ECF No. 20 at 9.

### C. Miscellaneous Arguments

The court notes that defendants raise two other brief, ancillary arguments in their motion.

Defendants argue that "[contradictory] factual allegations aside", the claims in plaintiff's SAC are too conclusory to proceed. ECF No. 36-1 at 10. The court has already found these allegations sufficient to proceed past screening, however. ECF No. 21. Accordingly it declines to dismiss these allegations as 'conclusory' at this juncture.

Finally, defendants argue that plaintiff cannot pursue a deliberate indifference claim against him based on an allegation that the prescription of nonsteroidal anti-inflammatory drugs (NSAIDs) violated California Prison Healthcare Guidelines. ECF No. 36-1 at 10-11. Review of the SAC indicates that plaintiff's allegations against the defendants are premised on two separate theories of medical deliberate indifference. First, he alleges that a specialist – Dr. Imperial – had prescribed a course of treatment that defendants declined to follow. ECF No. 20 at 6-7. He claims that he sustained liver damage as a result of defendants' failure to follow Imperial's

4

recommendations. *Id.* at 7. This theory is suitable to proceed. Second, he claims that, after reviewing the aforementioned guidelines, he learned that individuals with his condition should not be prescribed NSAIDs – which defendants allegedly prescribed. *Id.* at 7-8. He goes on to state that, "under the Prison Health Care Guideline set, this course of treatment was medically unacceptable under the circumstances." *Id.* at 8. Plaintiff does not, however, allege that the prescription of NSAIDs itself actually resulted in any direct harm to his liver (or other part of his person) – that is, damage beyond what was allegedly caused by the failure to implement Imperial's treatment plan. "In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury." *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Mere failure to comply with a prison guideline does not give rise to a cognizable injury under section 1983. *See Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by the section. Violations of state law alone are insufficient.").

**III. Conclusion**

For the foregoing reasons, it is hereby RECOMMENDED that defendants' motion to dismiss (ECF No. 36) be granted in part as follows:

1. The official capacity claims against defendants Abdur Rahman and Dorothy Swingle should be dismissed for failure to state a claim;

2. The medical deliberate indifference claims based on the prescription of NSAIDs against Rahman and Swingle should also be dismissed for failure to state a claim; and

3. The motion should be denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE