UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LOUIS ROWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>L.D. ZAMORA, et al.,<br><br>    Defendants. | No. 2:14-cv-1888-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendants violated his Eighth Amendment rights by deliberate indifference toward his serious medical needs. ECF No. 20. Defendant A. Pomzal has filed a motion to dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 54. Plaintiff has filed an opposition (ECF No. 61) and defendant has filed a reply (ECF No. 62). For the reasons discussed below, the motion should be denied.

**I.    Legal Standard**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**II.     Analysis**

Pomzal argues that plaintiff has failed to allege facts sufficient to state a cognizable claim against him. Plaintiff's second amended complaint includes allegations that each of the remaining defendants, including Pomzal, demonstrated deliberate indifference to his serious medical needs by failing to adequately treat his Hepatitis C for approximately two and a half years. ECF No. 20 at 3. Plaintiff claims that Pomzal, as chief physician, controlled the course of his treatment by way of advice and recommendations to subordinates. *Id.* at 4-5. He also claims that Pomzal "interviewed and examined" him in connection with his prison grievance appeals and was, consequently, aware of the shortcomings in the treatment. *Id.* at 5. Finally, plaintiff alleges that Pomzal "created a policy or custom that allowed or encouraged the illegal acts." *Id.* at 8.

Pomzal raises four arguments. First, he argues that he cannot be held responsible for the unconstitutional conduct of his subordinates under a theory of respondeat superior. ECF No. 54-1 at 4. While this is a correct articulation of law, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), plaintiff's claims as to Pomzal are not predicated solely on Pomzal's supervisory position. Rather, plaintiff alleges that Pomzal was directly involved in controlling the course of his treatment by advising subordinate medical staff, *see Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992) (holding that a supervisor may be held liable for the constitutional violations of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them"), and by Pomzal's own medical examination and assessment of plaintiff's medical condition.

Pomzal further argues, based on exhibits attached to the First Amended Complaint (ECF No. 13 at 9), that plaintiff has misinterpreted Pomzal's involvement. ECF No. 54-1 at 4-5. Even assuming that to be the case, Pomzal has not provided any authority which supports the proposition that the court may consider exhibits attached to a previous, superseded complaint in a motion under Rule 12(b)(6). *See Kennedy Funding, Inc. v. Chapman*, 2010 U.S. Dist. LEXIS 60475, *14-15, 2010 WL 2528729 (N.D. Cal. June 18, 2010) (declining to consider exhibits attached to a previous complaint when ruling on a 12(b)(6) motion). To the extent that Pomzal asks this court to take judicial notice of those exhibits, it declines to do so. A court may generally take judicial notice of earlier pleadings, but the first amended complaint is a *superseded* pleading which no long performs any function in this case. *See Shiry v. Moore*, 1995 U.S. Dist. LEXIS 22054, *18-19, (N.D. Cal. Mar. 9, 1995) (Declining to take judicial notice of a previous complaint that had been superseded). Pomzal is certainly free to utilize those documents in subsequent stages of this case, whether in taking plaintiff's deposition, testing the sufficiency of his evidence with a motion under Rule 56, or in cross examination of plaintiff at trial. Simply put, the remedy for defendants is provided under Rule 56 if--as they argue--the attachments to the earlier complaint disprove the allegations of the instant complaint. The standards applicable under Rule 56 will enable the parties and ultimately the court to analyze whether plaintiff can produce evidence sufficient to enable a reasonable jury to find in his favor on the requisite

elements of his claims.  But the instant motion tests only the sufficiency of the allegations in the second amended complaint.

Finally, to the extent Pomzal alleges that plaintiff's allegations against him are simply too conclusory to proceed, the court disagrees.  The court already determined that the allegations were sufficiently drawn under the screening standards.  And the screenings standards under 28 U.S.C. § 1915 mirror the standards for weighing a 12(b)(6) motion.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

Second, Pomzal argues that liability cannot attach based solely on his participation in the prison appeals process.   ECF No. 54-1 at 5-6. The court agrees but, as noted above, plaintiff's claims against Pomzal are not based solely on his handling of plaintiff's prison appeals. Moreover, plaintiff appears to be raising these allegations in order to demonstrate that Pomzal personally examined him and was aware of his medical condition.  ECF No. 20 at 5.

Third, he argues that plaintiff's allegations regarding the creation of a 'custom or policy' are insufficiently supported by factual allegations.  ECF No. 54-1 at 6.  A liberal reading of the second amended complaint, however, indicates that the policy or custom plaintiff is referring to is Pomzal's rejection of a specialist's recommended course of treatment.  ECF No. 20 at 3-5. Naturally, the court makes no finding at this time as to whether such rejection occurred or whether it amounted to a policy.  For the purposes of this motion, however, it treats plaintiff's allegations as true.

Finally, Pomzal argues that the claim that he directly participated in plaintiff's medical care is not supported by sufficient factual allegations. ECF No. 54-1 at 6-7.  As noted above in the rejection of Pomzal's first argument, however, the court concludes that plaintiff's allegations of Pomzal's involvement in his care are sufficiently drawn to state a cognizable claim under the standards relevant to a 12(b)(6) motion.

/////

/////

4

**III. Conclusion**

For the foregoing reasons, it is hereby RECOMMENDED that defendants' motion to dismiss (ECF No. 54) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 14, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5