UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LOUIS ROWELL,<br><br>Plaintiff,<br><br>v.<br><br>L.D. ZAMORA, et al.,<br><br>Defendants. | No. 2:14-cv-1888-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to compel and for sanctions (ECF No. 79) and a motion to appoint counsel and a medical expert (ECF No. 80). In addition, he has filed a request for an order directing prison staff to provide deposition accommodations. ECF No. 81. For the reasons stated hereafter, each of these motions is denied.

## Motion to Compel and for Sanctions

### I. Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive

1

research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

II. Analysis

Plaintiff requests that the court compel defendants to produce:

> 1. Any and all e-mails to or from defendants regarding the treatment of the defendants Hepatitis-C Virus or instructions or orders to deny the plaintiff medical treatment for his Hepatitis C virus.
>
> 2. Any and all memos, physician's notes, and/or requests from the defendants to provide treatment for the defendants Hepatitis C. While the defendants were responsible for the plaintiff's health care. (From 2009-2013).
>
> 3. Request for production of documents, electronically stored information regarding the plaintiff's healthcare, or tangible things.
>
> 4. Any and all grievances, complaints, disciplinary actions or other documents filed against the defendants by other prisoners or by prison staff concerning the medical care or professional behavior towards other inmates or coworkers. Include employee performance evaluations and information on any past suspensions, and civil actions, past and current filed by prisoners against a defendant.

ECF No. 79 at 5-6. As an initial matter, defendants Medina, Rahman, and Swingle requested and were granted an extension of time – up to September 12, 2018 – to respond to plaintiff's first request for production of documents. ECF Nos. 77 & 78. Thus, plaintiff's motion to compel is denied as to these defendants insofar as it was premature. Neither party has filed an update as of this date and, consequently, the court will not make assumptions as to whether plaintiff received discovery responses from these defendants. If plaintiff alleges that, as of the passage of the September 12, 2018 deadline, he is still not in possession of satisfactory responses, he may file a second motion to compel within fourteen days from the date this order is served stating as much.

/////

/////

The remaining defendant, Pomzal, also argues that this motion is premature as to her. The request for production of documents was served on July 11, 2018. ECF No. 79 at 1; ECF No. 83 at 1. Rule 34 provides that responses are due thirty days after being served with the requests. Fed. R. Civ. P. 34 (b)(2)(A). Responses were served on August 10, 2018 (ECF No. 83 at 1) – four days before the instant motion was served on August 14, 2018 (ECF No. 79 at 3). Plaintiff has failed to file a reply disputing Pomzal's contention. Thus, the motion as to Pomzal was prematurely filed and is now moot. The responses have already been served.

The last issue relevant to this motion is plaintiff's request to exceed the twenty-five interrogatory limit. ECF No. 79 at 2. Federal Rule of Civil Procedure 33 limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to an extent consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 33(a). This limitation is based on the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment . . . ." Advisory Committee Note, 146 F.R.D. 675, 675 (1993). "The party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary." *Waterbury v. Scribner*, 2008 U.S. Dist. LEXIS 53142, 2008 WL 2018432 at *2 (E.D. Cal. 2008) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D MN 1999)). Here, plaintiff has failed to make a *particularized* showing; he states only that he should be permitted to exceed the limit because his incarceration precludes deposing each defendant. ECF No. 79 at 2. This request is denied without prejudice. If plaintiff believes that more than twenty-five interrogatories are warranted for a given defendant, he may renew this request and explain what interrogatories have already been propounded and, in specific terms, why additional interrogatories are warranted.

<u>Motion to Appoint Counsel and Medical Expert</u>

Plaintiff requests appointment of an attorney and, in the event that request is denied, a court appointed medical expert. Both requests are denied.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional

3

circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

With respect to a medical expert, the court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. Experts appointed under this rule are neutral, however, and their purpose is to assist the court in understanding complex subject matter. *See Woodroffe v. Oregon,* 2014 U.S. Dist. LEXIS 48269, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."). The rule is not invoked, as plaintiff requests here, in order to "appoint an expert on behalf of an indigent civil party." *Id.*

Request for Deposition Accommodations

Plaintiff states that he intends to depose each defendant individually. ECF No. 81 at 1. He contends that he lacks the funds to pay a court reporter or stenographer and, thus, seeks the court's permission to use a recording device. *Id.* A court order is necessary, he avers, because prison rules preclude inmates' possession of such devices. *Id.* Finally, he requests that the court either order prison officials to provide a notary public for use in these depositions or bill the expense for a notary public to his trust account for future collections. *Id.* at 2.

This request is denied in its entirety. Plaintiff offers no reason why, rather than recording oral depositions, he cannot simply depose defendants by written questions pursuant to Fed. R. Civ. P. 31. And, regardless of the form of deposition, the court declines to order state officials to provide a notary or to defer payment for the same. The in forma pauperis statute does not authorize the expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28 U.S.C. § 1915; *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 U.S. Dist. LEXIS 56903, *7 (N.D. Cal. July 27, 2007) ("If plaintiff wants to depose defendant on written questions,

plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so.").

<u>Response to Defendant Pomzal's Refusal to Produce Documents</u>

After filing his initial motion to compel, plaintiff submitted a 'response' (ECF No. 82) wherein, for the first time, he took issue with the defendant Pomzal's refusal to provide certain documents. The response is effectively a second motion to compel and Defendant Pomzal has filed a response thereto. ECF No. 85.

There are four requests germane to this filing:

> 1. In his first request, plaintiff sought "Any and all e-mails, to or from the defendants regarding the treatment of the Defendants Hepatitis C virus or instructions or orders to deny the plaintiff medical treatment for his Hepatitis C virus."

Pomzal responded by stating that, after a search, no responsive documents could be located. Thus, the court will decline to order any production in connection to this request. Nothing in the record, however, indicates that defendant Pomzal provided an affidavit from the individual(s) who conducted the search detailing his or her search methods and affirming that no responsive documents were found. He shall provide plaintiff with such an affidavit within fourteen days from the date this order is served.

> 2. The second request sought "Any and all memo's, physician's notes, and/or requests from the defendants to provide treatment for the defendants Hepatitis C while the defendants were responsible for the plaintiff's health case. (From [sic])."
>
> 3. The third request sought "[D]ocuments, electronically stored information regarding the plaintiff's health care, or tangible thing."

Pomzal states that, after a meet and confer, he agreed to provide plaintiff with all of plaintiff's medical records that he had in his possession. Consequently, he contends these requests are mooted. Plaintiff has not disputed these contentions and these requests are mooted on that basis.

> 4. Plaintiff's fourth request sought "Any and all grievances, complaints, disciplinary actions or other documents filed against the defendants by other prisoners or by prison staff

5

> concerning the medical care or professional behavior towards other inmates or coworkers. Include employee performance evaluations and information on any past suspensions, and civil actions, past and current filed by prisoners against a defendant."

Pomzal argues any such documents are irrelevant insofar as it is undisputed that he never treated plaintiff or had any other direct involvement in his care. Rather, he is responsible only for signing a response to plaintiff's prison grievance. The court agrees. Federal Rule of Evidence, Rule 404 prohibits the admission of evidence of a person's character for the purpose of proving that the individual acted in conformity with that character on a particular occasion. Fed. R. Evid. 404(b). ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Thus, other prisoner's complaints against Pomzal can have no bearing on whether he violated plaintiff's rights in this case.

## Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel and for sanctions (ECF No. 79) is DENIED without prejudice as premature;

2. Plaintiff's motion to appoint counsel and medical expert (ECF No. 80) is DENIED;

3. Plaintiff's request for an order directing prison staff to provide deposition accommodations (ECF No. 81) is DENIED; and

4. Plaintiff's response to Defendant Pomzal's refusal to produce requested documents (ECF No. 82) is DENIED. However, Pomzal is directed to provide plaintiff with an affidavit from the individual(s) who conducted the search relevant to Request Number One (detailed *supra*) detailing his or her search methods and affirming that no responsive documents were found.

DATED: October 22, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6