UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN LOUIS ROWELL,

Plaintiff,

v.

L.D. ZAMORA, et al.,

Defendants.

No. 2:14-cv-1888-KJM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion for a thirty day extension of discovery (ECF No. 88) and a motion to amend incorrect statement and for copy of deposition transcripts (ECF No. 89). For the reasons stated hereafter, the first motion is granted in part and the latter is denied.

## Motion for Extension of Discovery

Plaintiff seeks an additional thirty days to serve interrogatories. He claims that, until recently, he labored under the false belief that his interrogatories were due in "September or November."[1] ECF No. 88 at 2. Plaintiff also references health issues and a prison transfer that he claims interfered with his ability to litigate. *Id.* at 2-3. Finally, he notes a previously-filed request to exceed the interrogatory limit (ECF No. 79) and states that he has been awaiting a decision on

---
[1] It is unclear if the inclusion of September is an error, given that plaintiff's motion was filed on October 5, 2018.

1

the same. ECF No. 88 at 2. After plaintiff filed this motion, the court denied his request to exceed the interrogatory limit in a separate order. ECF No. 90. Consequently, plaintiff's request for an extension is granted only with respect to any interrogatories that fall within the standard limit of twenty-five per party. He shall have thirty days from the date this order is filed to serve them. Any defendants properly served with such interrogatories shall then have thirty days from the date of service to respond. Any motion to compel on the same must be filed within fourteen days of receipt of the responses.

### Motion to Amend and for Deposition Transcript

Plaintiff's second motion has raises two issues.

#### I. Request to Alter Deposition Testimony

First, he asks that his deposition be amended. Plaintiff states that, under oath and during his deposition, he stated that he had never been treated by defendant Pomzal. ECF No. 89 at 1. He claims that, on some date after the deposition was concluded, he remembered that Pomzal had "shadowed" and supervised one of the other defendants (Abdur Rahman) who *had* treated him. *Id.* He wishes to amend his answer to reflect that Pomzal was directly involved in his treatment.

While plaintiff will be free at trial or summary judgment to explain or correct in his testimony any previous answer or statement he made in his deposition, he may not under Rule 30(e) alter the substance of his deposition testimony. The transcript of what he stated at the deposition will stand as recorded. Rule 30(e) of the Federal Rules of Civil Procedure provides a procedure by which deponents may review their testimony and make changes. The U.S. Court of Appeals for the Ninth Circuit has held, however, that this rule allows only "corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217 (9th Cir. 2005). In the wake of *Hambleton*, other district courts have noted a discrepancy in the application of the Ninth Circuit's ruling. *See Ashcraft v. Welk Resort Group Corp.*, No. 2:16-cv-02978-JAD-NJK, 2017 U.S. Dist. LEXIS 185470, at *1 (D. Nev. Nov. 8, 2017). In *Ashcraft*, the court reasoned that "courts should limit Rule 30(e) changes to those correcting stenographic mistakes and, consequently, should bar parties from using Rule 30(e) to change the testimony
/////

2

| | |
|---|---|
| 1 | actually given." *Id.* at \*11-12. In so doing, it noted that, in *Hambleton*, the Ninth Circuit had |
| 2 | approvingly quoted a Tenth Circuit holding which stated: |

> The Rule [30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Hambleton*, 397 F.3d at 1225 (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). The court finds the reasoning in *Ashcraft* persuasive and, consequently, will not allow plaintiff to change the answer he gave at his deposition. There is no question that the substitution he now seeks to make is not the correction of a stenographic error, but an alteration of the essential substance of his answer - a "no" to a "yes." If he was mistaken in an answer and must correct it at trial, he will have the opportunity to explain himself in his trial testimony. But the defense will also have the opportunity to confront him with his deposition testimony as recorded in the transcript.

Thus, this ruling is without prejudice to a subsequent affidavit (or other trial testimony) explaining his allegedly erroneous deposition answer and the reasons for his correction. *See Lewis v. The CCPOA Benefit Trust Fund*, No. C-08-03228-VRW (DMR), 2010 U.S. Dist. LEXIS 95739, at \* 10 (N.D. Cal. Aug. 27, 2010) ("At any rate, [the deponent] will have a full opportunity to explain his mistaken testimony at summary judgment or at trial. The finder of fact will have the opportunity to decide [the deponent's] credibility and reliability on the facts in question, and may ultimately decide that he was honestly mistaken about certain facts when he gave his deposition testimony. However, under Ninth Circuit law, contradictory changes are not given the imprimatur and benefit of Rule 30(e) certification.").

II. <u>Request for a Copy of the Deposition Transcript</u>

Second, plaintiff requests that he be provided – free of charge - with a copy of his deposition transcript. This request must be denied. Federal Rule of Civil Procedure 30(f)(3) provides that upon payment of reasonable charges, a party or deponent may obtain a copy of the

/////
/////

3

deposition transcript. Defendants are not required to provide him with a copy free of charge.[2] *See, e.g., Whittenberg v. Roll*, 2006 U.S. Dist. LEXIS 14842, at * 13 (E.D. Cal. 2006). And the court is precluded from using its own funds to provide him with a transcript copy. "'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. *See* 28 U.S.C. § 1915. Thus, plaintiff – if he is able – may obtain a copy of the transcript upon payment of reasonable charges.

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 88) is GRANTED IN PART to the extent that he shall have thirty days from the date this order is filed to serve interrogatories – within the limit of twenty-five per party – on defendants. The motion is denied in all other respects.

2. Plaintiff's motion to amend and for deposition transcript (ECF No. 89) is DENIED.

DATED: October 23, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] However, if defense counsel submits a copy in support of a summary judgment motion or for trial, counsel will be required to serve plaintiff with a copy of all supporting papers filed with the court.

4